

**FILED**
**Sep 13, 2018**
**01:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Raymond Bowen, | ) | Docket No. 2018-06-0807 |
| Employee, | ) | |
| v. | ) | |
| Resource Management Co., Inc., | ) | State File No. 51334-2017 |
| Employer, | ) | |
| And | ) | |
| Selective Ins. Co. of S.C., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED RELIEF

---

Raymond Bowen filed a Request for Expedited Hearing, which this Court heard on September 11, 2018. The hearing concerned his entitlement to temporary partial disability benefits. Specifically the legal issue was whether Mr. Bowen may receive these benefits even though Resource Management Company closed. The Court holds that he may and grants his request.

### History of Claim

Mr. Bowen has worked as a truck driver for approximately fifty years. He worked for Resource Management driving a dump truck when he injured his right shoulder on June 26, 2017. Mr. Bowen received authorized treatment with Dr. Lucas Richie. Dr. Richie placed restrictions of no lifting, pushing or pulling more than twenty pounds, and no overhead lifting with the right arm. For the purposes of this hearing only, Resource Management agreed that Mr. Bowen's injury is causally connected to work. The parties additionally agreed that his weekly compensation rate is $464.54.

Mr. Bowen returned to light-duty work earning his pre-injury wage. Specifically, he drove a truck with an automatic transmission. On March 1, 2018, Resource Management laid him and two other employees off due to closure of the company, and it

1

sold the truck he drove.[1] Resource Management offered the declaration of Mike Johnson, its president, who stated that "financial pressures" led to the company laying off almost every employee in March, including Mr. Bowen. Mr. Bowen agreed that the business' closing and his injury were not connected, nor did he believe the layoff and his injury were related.

Mr. Bowen testified that afterward he sought other jobs driving a truck but was unable to find work. He specifically identified Vulcan, Jones Brothers and Freeman as companies where he looked for employment. Mr. Bowen did not actually fill out an application for these positions but stated that within the field some employers do not use written applications. Rather, he called and asked about work. Mr. Bowen did not look for jobs outside his field. He conceded he did not know if he could do other types of work because he has not tried, nor is he interested in looking outside his field.

Mr. Bowen began drawing from a pension and receiving Social Security retirement benefits approximately eight years ago. He returned to work after he retired. He testified that he still receives income from the pension and Social Security and now considers himself retired. However, Mr. Bowen testified that, if he were offered a job, "I would take work if I had it, yes."

In August, Dr. Richie altered the restrictions to prohibit use of his right arm, including no pushing, pulling, lifting or overhead use. Mr. Bowen testified that the restrictions prevent driving even an automatic transmission truck.

Mr. Bowen argued he is entitled to temporary partial disability benefits from March 1 through the present. He asserted that the Workers' Compensation Law does not prohibit an award of temporary disability benefits when an employee is laid off "for unrelated reasons." All that an employee must show, he asserted, is that he is unable to work due to an injury; a causal connection exists between the injury and his inability to work; and the period of disability. The employee need not show that he is unable to work with a specific employer. Mr. Bowen maintained that, but for the restrictions, he could have found other employment after the layoff.

Resource Management countered that Mr. Bowen does not meet the requirements for temporary partial disability benefits because his unemployment does not relate to his injury but rather to the layoff. In addition, Mr. Bowen's efforts to find other work were insufficient. He now considers himself retired. Further, the layoff had no connection to Mr. Bowen's injury, and he was treated no differently than any other employee.

Both parties discussed *Heard v. Carrier Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 16 (Apr. 20, 2018), and whether it controls this case.

---

[1] Resource Management argued the layoff occurred on March 10.

**Findings of Fact and Conclusions of Law**

Mr. Bowen must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To qualify for temporary disability benefits, Mr. Bowen must establish: (1) that he became disabled from working due to a compensable injury; 2) that there is a causal connection between the injury and the inability to work; and 3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). The Workers' Compensation Law provides that an injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Mace v. Express Servs., Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 49, at *8 (Dec. 11, 2015). "In circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum recovery, and the employer . . . cannot return the employee to work within the restrictions . . . , the injured worker may be eligible for temporary partial disability." *Jones,* at *8.

Here, Resource Management agreed that Mr. Bowen suffered a compensable injury but argued that no causal connection exists between the injury and his present inability to work. The parties agreed that the restrictions were in effect when Resource Management laid Mr. Bowen off and they remained in place until August 2018, when they changed slightly.

The Court finds Mr. Bowen credible and that Resource Management laid him off on March 1. Since then, Resource Management has not returned him to work within his restrictions, as *Jones* dictates. Further, the Court finds a causal connection between Mr. Bowen's injury and his present inability to work. Resource Management's explanation— that the business closed—bears no legal significance to the issue of temporary partial disability entitlement under *Jones.* Resource Management cited no on-point authority to support its position that closing the business ends its responsibility to pay temporary partial disability to employees under restrictions, who are unable to work elsewhere due to those restrictions.

The Court agrees with Mr. Bowen that Resource Management's reliance on *Heard v. Carrier Corp.* is misplaced. In *Heard,* the injured worker received temporary partial disability benefits until she was one of approximately 400 workers subject to a seasonal lay-off under a collective bargaining agreement. *Heard,* at *2. The employee did not work elsewhere during the layoff and did not receive unemployment compensation

3

because she was "under workers' compensation." *Id.* at \*3. The Board wrote that her layoff was "unrelated to the physical requirements of her restricted position or Employer's ability to accommodate her restrictions. . . . [T]here is no evidence that she was treated differently from other employees in similar circumstances." *Id.* at \*6. The Board concluded that the evidence did not preponderate against the trial court's ruling that the employee did not meet the requirements for temporary partial disability benefits. The Board further noted that the self-represented employee did not file a brief on appeal. *Id.*

Mr. Bowen's facts are distinguishable. In *Heard,* a collective bargaining agreement anticipated the seasonal layoff of the injured worker and hundreds of others. Here, the layoff was neither seasonal nor expected due to a collective bargaining agreement. In fact, although Resource Management called it a "layoff," the practical effect was it terminated Mr. Bowen with no expectation of rehiring him, unlike *Heard.* Further, the employee in *Heard* did not work elsewhere and did not receive unemployment compensation because she was "under workers' compensation." The opinion is silent as to whether after the layoff she sought work. In this case, however, the unrefuted evidence is that Mr. Bowen sought work within his field with three or four employers but found no employment.

The Court further finds Mr. Bowen's post-layoff job search efforts were reasonable, as was his determination to look solely within the field he worked for approximately fifty years. While Resource Management questioned the sufficiency of his efforts to find work after the layoff, it cited no authority to support its position. The Court finds Mr. Bowen made diligent attempts to find post-layoff work but that his restrictions prevented him from being employed. The Court is likewise unconvinced that Mr. Bowen's testimony that he "considers himself retired" bars his entitlement to temporary disability benefits. Despite that categorization, Mr. Bowen sought work after his layoff. More importantly, he was working up until March 2018 while collecting these retirement benefits.

Therefore, Mr. Bowen presented sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits regarding his entitlement to temporary partial disability benefits.[2]

---

[2] Resource Management argued that, should the Court hold it owes temporary disability benefits, it should receive a credit for the minimum weekly benefit under Tennessee Code Annotated section 50-6-207. It relied on *Cohea v. Thaxton,* No. 20040-01611-WC-R3-CV, 2005 LEXIS 641 (Tenn. Workers' Comp Panel Aug. 15, 2005). In that case, the injured worker voluntarily chose not to seek employment, so the Special Workers' Compensation Panel remanded the case for recalculation of temporary partial disability benefits, imputing the minimum wage. The facts here are distinguishable because Mr. Bowen sought employment. Therefore, the Court declines to order the requested credit.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Resource Management shall pay past temporary partial disability benefits in a lump sum totaling $13,006.56. (March 1 through the present is 196 days, at a weekly compensation rate of $464.54 or $66.36 per day; 196 x $66.36 = $13,006.56.) Further, it must continue paying temporary disability benefits in the weekly amount of $464.54 until Mr. Bowen reaches maximum medical improvement or finds employment.

2. This matter is set for a scheduling hearing on **November 26, 2018, at 9:00 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED SEPTEMBER 13, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Affidavit of Raymond Bowen
2. Written Declaration of Mike Johnson

Technical record:
1. Petition for Benefit Determination
2. Employer's position statement to mediator
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Pre-Hearing Brief of Employer and Insurer
6. Employee's Pre-Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on September 13, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Fisher, employee's attorney | | | X | mfisher@ddzlaw.com |
| Fred Baker, employer's attorney | | | X | fbaker@wimberlylawson.com bcopeland@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)          RDA 11082